**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

| | |
|---|---|
| GENTRY STEEL INC., ) | |
| ) | |
| Plaintiff, ) | CASE NO. _____ |
| ) | |
| v. ) | |
| ) | **JURY DEMANDED** |
| MOTORISTS COMMERCIAL MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

---

## COMPLAINT

---

Plaintiff Gentry Steel Inc. ("Gentry"), by and through counsel, and for its Complaint against Defendant Motorists Commercial Mutual Insurance Company ("Encova") states as follows:

### Parties

1. Plaintiff Gentry Steel, Inc. is a corporation formed under the laws of the State of Tennessee. Its principal place of business is located at 2307 E. 28th Street, Chattanooga, Tennessee 37407.

2. Defendant Motorists Commercial Mutual Insurance Company is a corporation formed under the laws of the State of Ohio with its principal place of business is located at 471 E. Broad Street, Columbus, Ohio. Motorists Commercial Mutual Insurance Company does business as Motorists Insurance and is a member of Encvoa Mutual Insurance Group.

### Venue and Jurisdiction

3. Gentry owns property located at 2307 E. 28th Street, Chattanooga, Tennessee 37407 (the "Property").

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Gentry Steel, Inc. is a Tennessee corporation with its principal place of business located in Hamilton County, Tennessee. Gentry is therefore a citizen of Tennessee for purposes of diversity jurisdiction.

6. Motorists Commercial Mutual Insurance Company is incorporated under the laws of the State of Ohio and has its principal place of business in Columbus, Ohio. Defendant is therefore a citizen of Ohio for purposes of diversity jurisdiction.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs. Gentry seeks damages of $574,500.00, plus a statutory penalty of up to twenty-five percent (25%) of such amount, plus reasonable attorney's fees and costs.

8. Venue is proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because Defendant conducts business in this district.

### Facts

9. At all times relevant to this action, Gentry owned and operated commercial property located at 2307 E. 28th Street, Chattanooga, Tennessee 37407.

10. The Property consists of an office building and multiple manufacturing and warehouse buildings used in Gentry's structural steel fabrication business. A copy of the Property is attached hereto as Exhibit 1.

11. Motorists Commercial Mutual Insurance Company issued a commercial property insurance policy (the "Policy") to Gentry for the policy period of June 15, 2024, through June 15,

2025. A copy of the Policy is attached hereto as Exhibit 2.

12. The Policy provides coverage for direct physical loss or damage to the Property caused by covered perils, including hail and windstorm.

13. Gentry paid all premiums required under the policy.

14. On or about May 8, 2025, a documented hailstorm caused extensive property damage and storm-related water intrusion at the Property. Documentation of a hailstorm in the area is attached hereto as Exhibit 3.

15. The hailstorm caused damage to the office building and to the large manufacturing and warehouse buildings located on the Property. Pictures of the damage from the storm are attached hereto as Exhibit 4 and Exhibit 5.

16. Gentry suffered a total of $574,500.00 in damages to the Property as a result of the hailstorm.

17. Gentry timely reported the loss to Encova and filed Insurance Claim No. 500-00-103749 (the "Insurance Claim"). A copy of the Insurance Claim is attached hereto as Exhibit 6.

18. Following submission of the Insurance Claim, Encova, through its Claim Representative Bruce Coonery and Estimator Arthur Quarles, inspected the Property and the resulting damage on May 19, 2025.

19. On August 5, 2025, Encova submitted a partial payment to Gentry in the amount of $16,735.07. A copy of the check is attached hereto as Exhibit 7.

20. Encova's partial payment was only for damage to the office building and did not include any payment for the extensive damage to the manufacturing and warehouse buildings on the Property.

21. T.U. Parks Construction Company inspected the hailstorm damage to the Property

and prepared a detailed report with a cost estimate for repairs. The T.U Parks report is attached hereto as Exhibit 8.

22. The T.U. Parks report, along with an estimate from JDH Company, Inc., indicates that the roofs of Buildings A and B sustained extensive damage requiring complete replacement and that the roof of Building C was damaged beyond repair.

23. Water continues to leak through the damaged roofs, and portions of the roofing material continue to fail and blow off the buildings since the hailstorm.

24. According to the T.U. Parks report, the total cost to repair the Property damage caused by the hailstorm is $574,500.00.

25. On March 17, 2026, Gentry provided Encova with written notice pursuant to Tenn. Code Ann. § 56-7-10, demanding payment of $574,500.00 for all damage to the Property and notifying Encova of Gentry's intent to pursue remedies for its bad faith in refusal to pay. This letter is attached as Exhibit 9.

26. On April 7, 2026, Encova responded to Gentry's demand letter, denying liability for the full extent of the covered loss. This response is attached as Exhibit 10.

27. In its April 7, 2026 letter, Encova claimed that an engineering firm, EFI Global, Inc., had inspected the Property on June 23, 2025 and concluded that hail damage was limited to the entry awning, skylights, and translucent panels between Bay 2 and Bay 3.

28. Encova's position that the extensive roof damage to the manufacturing and warehouse buildings was caused by age-related wear, long-term deterioration, prior repairs, coating failure, and installation-related issues rather than the May 8, 2025 hailstorm is not reasonable and constitutes bad faith.

29. The timing of the roof failures and water intrusion immediately following the

documented hailstorm, combined with the detailed assessments by T.U. Parks Construction Company and JDH Company attributing the damage to hail, demonstrate that Encova's denial is pretextual and made to avoid paying a legitimate covered claim.

30. In its April 7, 2026 letter, Encova expressly refused to pay the claim, stating that it "disagrees with the assertion that additional payment in the amount demanded is owed" and that the claim was "properly investigated, fairly evaluated, and appropriately paid," thereby conclusively refusing payment prior to the expiration of sixty (60) days from Gentry's demand.

31. Encova has failed and refused to pay the full amount of Gentry's covered loss under the Policy.

32. Encova's refusal to pay the covered loss was not reasonable and was made in bad faith.

33. As a result of Encova's bad faith refusal to pay, Gentry has incurred additional expense, loss, and injury, including attorney's fees.

## Causes of Action

### Count I – Breach of Insurance Policy

34. The Plaintiff repeats and realleges the allegations set forth above.

35. The Policy is a valid and enforceable contract between Gentry and Encova.

36. Gentry performed all conditions precedent to recovery under the Policy, including payment of all required premiums and timely notification of the loss.

37. The May 8, 2025, hailstorm was a covered peril under the Policy.

38. The Property sustained physical loss and damage as a result of the covered hailstorm.

39. Under the terms of the Policy, Encova was and is obligated to pay for all covered losses to the Property resulting from the May 8, 2025, hailstorm.

40. Encova breached the Policy by failing and refusing to pay the full amount of Gentry's covered loss.

41. As a direct result of Encova's breach, Gentry has suffered damages in the amount of $574,500.00, plus accrued interest.

### Count II – Bad Faith Refusal to Pay

42. The Plaintiff repeats and realleges the allegations set forth above.

43. Encova refused to pay Gentry's insurance claim in bad faith.

44. Encova's refusal to pay was not reasonable given the clear evidence of covered damage to the Property, including the detailed reports and cost estimates provided by T.U. Parks Construction Company and JDH Company.

45. The damage to the Property occurred immediately following a documented hailstorm on May 8, 2025, yet Encova attributes the damage to pre-existing conditions without reasonable basis.

46. Encova's reliance on the opinion of EFI Global, Inc. to deny coverage for the manufacturing and warehouse roof damage is pretextual and does not constitute a reasonable basis for denying the claim, particularly given the temporal proximity of the damage to the documented hailstorm.

47. On March 17, 2026, Gentry provided Encova with the notice required by Tenn. Code Ann. § 56-7-105(a), demanding payment and stating its intention to pursue remedies for bad faith.

48. On April 7, 2026, prior to the expiration of sixty (60) days from the demand, Encova expressly refused to pay the claim, thereby satisfying the statutory prerequisites for bringing this bad faith action.

49. Pursuant to Tenn. Code Ann. § 56-7-105(a), Gentry is entitled to recover a penalty not exceeding twenty-five percent (25%) of the liability of Encova under the Policy, as well as reasonable

attorney's fees and all court costs, the exact amount of such penalty to be determined by the Court or jury based on the additional expense, loss, and injury incurred by Gentry as a result of Encova's bad faith refusal to pay.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays:

1.      That process issue and be served upon the Defendant;

2.      That the Defendant be required to answer the Complaint within the time required by law;

3.      That the Court enter judgment in favor of the Plaintiff against Defendant for damages in an amount not less than $574,500.00, plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees and expenses, and the costs of this action;

4.      That the Court award the Plaintiff such other, further, and general relief to which they may be entitled.

5.      That a jury be empaneled for the trial of this case.

Respectfully submitted,

PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.

By:  s/R. Jonathan Guthrie
      R. Jonathan Guthrie, BPR # 020762
      *Attorney for Plaintiff*
      537 Market Street, Suite 300
      Chattanooga, Tennessee 37402
      Telephone: (423) 756-7117
      Facsimile: (423) 267-5032